# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 110

*April Term, A.D. 2013*

*September 18, 2013*

| | |
|---|---|
| BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR, <br><br> Petitioner, <br><br> v. <br><br> NANA Y. BOACHIE-YIADOM, WSB #6-3502, <br><br> Respondent. | D-13-0006 |

## ORDER OF PUBLIC CENSURE

[¶1]     **This matter** came before the Court upon a "Report and Recommendation for Public Censure," filed herein August 14, 2013, by the Board of Professional Responsibility for the Wyoming State Bar.  The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Respondent Nana Y. Boachie-Yiadom should be publicly censured for his conduct, which is described in the attached Report and Recommendation.  It is, therefore,

[¶2]     **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Public Censure, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]     **ADJUDGED AND ORDERED** that Nana Y. Boachie-Yiadom shall be publicly censured for his conduct, in a manner consistent with the censure contained in the attached Report and Recommendation for Public Censure; and it is further

[¶4]   **ORDERED** that, pursuant to Section 26 of the Disciplinary Code for the Wyoming State Bar, Respondent shall reimburse the Wyoming State Bar the amount of $50.00, representing some of the costs incurred in handling this matter, as well as pay the administrative fee of $500.00.  Respondent shall pay the total amount of $550.00 to the Clerk of the Board of Professional Responsibility on or before October 31, 2013; and it is further

[¶5]   **ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, as a matter coming regularly before this Court as a public record; and it is further

[¶6]   **ORDERED** that, pursuant to Section 4 of the Disciplinary Code for the Wyoming State Bar, this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶7]   **ORDERED** that the Clerk of this Court cause a copy of the Order of Public Censure to be served upon Respondent Nana Y. Boachie-Yiadom.

[¶8]   **DATED** this 18th day of September, 2013.


                                          **BY THE COURT:**

                                          /s/

                                          **MARILYN S. KITE**
                                          **Chief Justice**

D-13-0006

BEFORE THE SUPREME COURT
STATE OF WYOMING

IN THE SUPREME COURT
STATE OF WYOMING
E-FILED DOCUMENT
HARD COPIES RECEIVED

AUG 1 4 2013

CAROL THOMPSON, CLERK
by deputy

In the matter of                    )
NANA Y. BOACHIE-YIADOM,             )
WSB No. 6-3502,                     )
                                    )    WSB No. 2013-041 & 2013-042
        Respondent.                 )

## REPORT AND RECOMMENDATION FOR PUBLIC CENSURE

The Board of Professional Responsibility makes the following Report and Recommendation, with its findings of fact, conclusions of law, and recommendation to the Supreme Court of Wyoming:

### FINDINGS OF FACT

1.      Respondent is a licensed attorney in the State of Wyoming, Bar # 6-3502, and has been licensed to practice since 2001. Since that time, Respondent has been and currently is engaged in the practice of immigration law in Los Angeles, California. Respondent is not a member of any state bar other than Wyoming. Respondent's status as an active member of the Wyoming State Bar is sufficient to allow Respondent to practice immigration law in California. Respondent has not been the recipient of any other discipline.

2.      During 2012, Respondent undertook the representation of two immigration clients at the request of their employer, New Designs Charter School. While Respondent was out of the country, matters were handled negligently by Respondent's office. Paperwork was not submitted to the United States Citizenship and Immigration Service in a timely manner which resulted in additional delays, inconvenience and expense to Respondent's clients.

3.      For the past three years, Respondent has spent most of his time in Ghana due to family problems and other personal issues.  Respondent does not, however, offer this as an excuse to shirk his responsibility to his clients.

4.      Respondent acknowledges and concedes that his conduct violated Rules 1.1 (competence), Rule 1.3 (diligence) and Rule 5.3 (responsibilities regarding non-lawyer assistants) of the Wyoming Rules of Professional Conduct.

5.      Respondent agrees to a public censure in this matter, and consents to the issuance of a press release with the following language:

> Los Angeles attorney, Nana Y. Boachie-Yiadom, an active member of the Wyoming State Bar, received a public censure from the Wyoming Supreme Court for certain failings with respect to two immigration clients.  While Mr. Boachie-Yiadom was out of the country on an extended absence, filing deadlines were missed and other mistakes were made which resulted in additional delays, inconvenience and expense for his clients.
>
> The Wyoming Rules of Professional Conduct regulate the conduct of members of the Wyoming State Bar.  Mr. Boachie-Yiadom violated Rule 1.1, which requires a lawyer to provide competent representation to a client, and Rule 1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client. Mr. Boachie-Yiadom also violated Rule 5.3, which requires that a lawyer make reasonable efforts to ensure that the conduct of non-lawyer assistants is compatible with the professional obligations of the lawyer.
>
> Mr. Boachie-Yiadom stipulated to these facts and consented to this discipline.  The Board of Professional Responsibility approved the stipulation, recommending that the Wyoming Supreme Court publicly reprimand Mr. Boachie-Yiadom. After reviewing the record and recommendation, the Wyoming Supreme Court entered its order publicly censuring Mr. Boachie-Yiadom and requiring him to pay the costs of the Wyoming State Bar for prosecuting this matter.

## CONCLUSIONS OF LAW

6.      Standard 2.5 of the ABA Standards for Imposing Lawyer Sanctions states, "Reprimand, also known as censure or public censure, is a form of public discipline which declares the conduct of the lawyer improper, but does not limit the lawyer's right to practice."

2

The commentary to Standard 2.5 discusses the proper circumstances in which to impose a public censure as well as the rationale behind this form of discipline:

> Publicity enhances the effect of the discipline and emphasizes the concern of the court with all lawyer misconduct, not only serious ethical violations. A reprimand is appropriate in cases where the lawyer's conduct, although violating ethical standards, is not serious enough to warrant suspension or disbarment. * * * A reprimand serves the useful purpose of identifying lawyers who have violated ethical standards, and, if accompanied by a published opinion, educates members of the bar as to these standards.

7.    Standard 3.0 provides, "In imposing a sanction after a finding of lawyer misconduct, a court should consider the following factors:"

(a) the duty violated;
(b) the lawyer's mental state; and
(c) the actual or potential injury caused by the lawyer's misconduct; and
(d) the existence of aggravating or mitigating factors.

8.    Misconduct of the sort engaged in by Respondent, which essentially involves violation of a duties owed to a client, is addressed in Section 4.4, "Lack of Diligence." Subsection 4.43 provides, "Reprimand [i.e., public censure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client."

9.    Section 9.1 of the ABA Standards for Imposing Lawyer Sanctions provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any consideration, or factors that may justify an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations, or factors that may justify a reduction in the degree of discipline to be imposed."

a.    The applicable aggravating factors are:

3

i. Section 9.22(d)-multiple offenses. Respondent missed the filing deadline for two separate immigration clients.
ii. Section 9.22(h)-vulnerability of the victims.
iii. Section 9.22(i)-substantial experience in the practice of law. Respondent was first admitted to practice in 2001.

b. Applicable mitigating factors are:

i. Section 9.32(a)-absence of prior disciplinary record;
ii. Section 9.32(b)-absence of dishonest or selfish motive;
iii. Section 9.32(c)-personal problems;
iv. Section 9.32(e)-full and free disclosure to Bar Counsel and cooperative attitude toward proceedings; and
v. Section 9.32(l)-remorse.

## RECOMMENDATION

As an appropriate sanction for his violations of Rules 1.1, 1.3 and 5.3 of the Wyoming Rules of Professional Conduct, the Board of Professional Responsibility recommends that Respondent: (1) receive a public censure; and (2) be ordered to pay the administrative fee in the amount of $500.00 and administrative costs of $50.00 within ten days of approval of the report and recommendation by the Wyoming Supreme Court.

DATED this __14th__ day of August 2013.

Jenifer E. Scoggin, Chair
Board of Professional Responsibility
Wyoming State Bar

4

# CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of this **Report and Recommendation** was mailed by United States Mail, postage prepaid, on August ___14th___, 2013, to the following:

Nana Y. Boachie-Yiadom
3325 Wilshire Boulevard #1235
Los Angeles, CA 90010

and a copy was hand delivered to:

Mark W. Gifford, Bar Counsel
Wyoming State Bar
P.O. Box 109
Cheyenne, WY 82003

Brandi Robinson, Clerk
Board of Professional Responsibility